## IN THE UNITED STATES DISTRICT COURT FOR THE
## NORTHERN DISTRICT OF ILLINOIS - EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA KAEPPLINGER and<br>BRIAN KAEPPLINGER | ) | |
| | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | |
| v. | ) | Case No. 1:17 CV 05847 |
| | ) | |
| MICHAEL MICHELOTTI, M.D., MICHAEL | ) | |
| MCCARTHY, D.O., MARK ZARNKE, M.D., | ) | |
| SURGICAL ASSOCIATES OF NORTHERN | ) | |
| ILLINOIS, LLC, an Illinois Limited Liability | ) | |
| Company, ROCKFORD MEMORIAL | ) | |
| HOSPITAL, an Illinois Not-For-Profit | ) | |
| Corporation, and ROCKFORD HEALTH | ) | |
| PHYSICIANS d/b/a MERCYHEALTH | ) | |
| PHYSICIANS, an Illinois Not-For-Profit | ) | |
| Corporation, | ) | |
| | ) | |
| Defendants. | ) | |

## FIRST AMENDED COMPLAINT

Plaintiffs, ANGELA KAEPPLINGER and BRIAN KAEPPLINGER, by their counsel, David A. Axelrod, Stacey L. Leinheiser, and Lauren C. Kaplan, for their First Amended Complaint against Defendants, MICHAEL MICHELOTTI, M.D., MICHAEL MCCARTHY, D.O., MARK ZARNKE, M.D., SURGICAL ASSOCIATES OF NORTHERN ILLINOIS, LLC, an Illinois Limited Liability Company, ROCKFORD MEMORIAL HOSPITAL, an Illinois Not-For-Profit Corporation, and ROCKFORD HEALTH PHYSICIANS d/b/a MERCYHEALTH PHYSICIANS, an Illinois Not-For-Profit Corporation, state as follows:

## GENERAL ALLEGATIONS

### Nature of the Case

1.     This is a medical malpractice action arising out of the injuries and damages suffered by Plaintiff, Angela Kaepplinger ("Angela"), on and after August 13, 2015. On August 12, 2015, Angela presented to Rockford Memorial Hospital in Rockford, Illinois with abdominal pain where a CT scan was performed demonstrating an abscess in Angela's colon. On August 13, 2015, Defendants Mark Zarnke, M.D. and Michael McCarthy, D.O. performed a laparotomy and transverse colectomy on Angela which ultimately led to several complications, including the delayed diagnosis of an anastomic leak by Michael Michelotti, M.D., a resulting infection, additional surgical procedures, and serious and permanent injuries.

### Parties

2.      Plaintiffs Angela and Brian Kaepplinger ("Brian") are residents and citizens of St. John, Lake County, Indiana.

3.     Defendant Mark Zarnke, M.D., ("Dr. Zarnke") is a resident and citizen of Rockford, Illinois, County of Winnebago, and is a doctor of medicine and general surgery, duly licensed by the State of Illinois, holding himself out to the general public as a physician, properly skilled in the care and treatment of persons in the condition of Angela.

4.     Defendant Michael McCarthy, D.O. ("Dr. McCarthy") is a resident and citizen of Rockford, Illinois, County of Winnebago, and is a doctor of osteopathic medicine and general surgery, duly licensed by the State of Illinois, holding himself out to the general public as a physician, properly skilled in the care and treatment of persons in the condition of Angela.

5.      Defendant Michael Michelotti, M.D. ("Dr. Michelotti") is a resident and citizen of St. Charles, Illinois, County of Kane, and is a doctor of medicine and general surgery, duly licensed by the State of Illinois, holding himself out to the general public as a physician, properly skilled in the care and treatment of persons in the condition of Angela

6.      Defendant Surgical Associates of Northern Illinois, LLC ("SANI") is an Illinois limited liability company engaged in the business of offering healthcare services in the State of Illinois, County of Winnebago, with its principal place of business located at 2350 North Rockton Avenue, Rockford, Winnebago County, Illinois 61103. Based on knowledge and belief, SANI is a three member LLC. Based on knowledge and belief, Defendants Dr. Zarnke, Dr. McCarthy, and Dr. Michelotti are the three members of SANI.

7.      At all times relevant herein, SANI was licensed to employ physicians and medical staff and held itself out to the general public as a healthcare services limited liability company, properly skilled in the care and treatment of persons in the condition of Angela.

8.      At all times relevant herein, Dr. Zarnke was an employee and/or agent of SANI.

9.      At all times relevant herein, Dr. McCarthy was an employee and/or agent of SANI.

10.     At all times relevant herein, Dr. Michelotti was an employee and/or agent of SANI.

11.     At all times relevant herein, the care and treatment rendered by Dr. Zarnke to Angela was within the scope of his duties as an employee and/or agent of SANI.

12.     At all times relevant herein, the care and treatment rendered by Dr. McCarthy to Angela was within the scope of his duties as an employee and/or agent of SANI.

13.     At all relevant times herein, the care and treatment rendered by Dr. Michelotti to Angela was within the scope of his duties as an employee and/or agent of SANI.

3

14.     Defendant Rockford Memorial Hospital ("RMH"), is an Illinois not-for-profit corporation engaged in the business of offering healthcare services in the State of Illinois and County of Winnebago, with its principal place of business located at 2400 North Rockton Avenue, Rockford, Winnebago County, Illinois 61103.

15.     At all times relevant herein, RMH was licensed to employ physicians and medical staff, and held itself out to the general public as a healthcare services corporation, properly skilled in the care and treatment of persons in the condition of Angela.

16.     At all times relevant herein, Dr. Zarnke was an employee and/or agent of RMH.

17.     At all times relevant herein, Dr. McCarthy was an employee and/or agent of RMH.

18.     At all times relevant herein, Dr. Michelotti was an employee and/or agent of RMH.

19.     At all times relevant herein, the care and treatment rendered by Dr. Zarnke to Angela was within the scope of his duties as an employee and/or agent of RMH.

20.     At all times relevant herein, the care and treatment rendered by Dr. McCarthy to Angela was within the scope of his duties as an employee and/or agent of RMH.

21.     At all times relevant herein, the care and treatment rendered by Dr. Michelotti to Angela was within the scope of his duties as an employee and/or agent of RMH.

22.     Defendant Rockford Health Physicians d/b/a Mercyhealth Physicians ("RHP") is an Illinois not-for-profit corporation engaged in the business of offering healthcare services in the State of Illinois and County of Winnebago, with its principal place of business located at 2400 North Rockton Avenue, Rockford, Winnebago County, Illinois 61103.

23.     At all times relevant herein, RHP was licensed to employ physicians and medical staff and held itself out to the general public as a healthcare services corporation, properly skilled in the care and treatment of persons in the condition of Angela.

24.     At all times relevant herein, Dr. Zarnke was an employee and/or agent of RHP.

25.     At all times relevant herein, Dr. McCarthy was an employee and/or agent of RHP.

26.     At all times relevant herein, Dr. Michelotti was an employee and/or agent of RHP.

27.     At all times relevant herein, the care and treatment rendered by Dr. Zarnke to Angela was within the scope of his duties as an employee and/or agent of RHP.

28.     At all times relevant herein, the care and treatment rendered by Dr. McCarthy to Angela was within the scope of his duties as an employee and/or agent of RHP.

29.     At all relevant times herein, the care and treatment rendered by Dr. Michelotti to Angela was within the scope of his duties as an employee and/or agent of RHP.

## Jurisdiction and Venue

30.     Jurisdiction in this case arises under 28 U.S.C. § 1332, based on diversity of citizenship between the Plaintiffs and the Defendants, and the amount in controversy exceeding seventy-five thousand dollars ($75,000.00) exclusive of interest and costs.

31.     Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391(a) and (c) because Defendants SANI, RMH, and RHP conduct business and sales activity in this judicial district, and thus are subject to personal jurisdiction in this judicial district.

**Factual Background**

32.     On August 12, 2015, at or around 9:43 p.m., Angela presented to the emergency department at RMH complaining of intermittent epigastric and upper abdominal pain that had worsened over the past 2-3 days.

33.     On August 12, 2015, at or around 10:06 p.m., Jude Perez, M.D. ("Dr. Perez") a RMH emergency medicine physician, ordered a CT scan which revealed a focal segment of the transverse colon with bowel wall thickening and a small extra luminal fluid collection concerning for possible abscess versus a neoplastic process. Angela was given Nubain and, due to concerns over the findings of a possible abscess, Dr. Perez admitted Angela for IV antibiotic administration and further evaluation.

34.     On August 13, 2015, at or around 2:37 a.m., Angela was examined by Annette Olin, M.D. ("Dr. Olin"), an internal medicine physician, who assessed Angela as having acute colitis, concerning for abscess or mass. Dr. Olin recommended a surgery consult.

35.     On August 13, 2015, at or around 1:17 p.m., Dr. Zarnke was consulted and examined Angela. Dr. Zarnke noted it was his impression that Angela had transverse diverticulitis with an abscess. Dr. Zarnke discussed treatment options with Angela, including antibiotic therapy versus surgery. Dr. Zarnke ultimately recommended Angela proceed with surgery consisting of colectomy and primary anastomosis.

36.     On August 13, 2015, at or around 5:16 p.m., Dr. Zarnke and Dr. McCarthy performed a laparotomy and transverse colectomy on Angela.

37.     On August 14, 2015, at or around 9:57 a.m., Dr. Zarnke examined Angela and noted that her pain was controlled, she had passed flatus and had BM. Dr. Zarnke commented that Angela would be home in several days.

38.     On August 14, 2015, at or around 11:35 a.m., Rubina Ehtesham, M.D. ("Dr. Ehtesham"), an internal medicine physician, noted that Angela was experiencing abdominal pain.

39.     On August 14, 2015, at or around 7:23 p.m., because of her ongoing complaints of pain, Angela had a chest x-ray which demonstrated pneumoperitoneum related to her surgery and opacities in both lung bases thought to represent atelectasis, or free air.

40.     On August 14, 2015, at or around 8:59 p.m., Dr. Michelotti was contacted by Dr. Olin to see Angela due to her abdominal pain and chest x-ray demonstrating free air. On examination, Dr. Michelotti noted that Angela was subjectively tender everywhere, but objectively there only seemed to be incisional tenderness. Dr. Michelotti commented in his note that the free air seen on the x-ray was non-specific and ordered a CT scan.

41.     On August 14, 2015, at or around 11:09 p.m., a CT scan of Angela's abdomen and pelvis with IV contrast was performed.  The CT scan demonstrated free intraperitoneal air and fluid new from the prior examination, and post-surgical changes of segmental transverse colon resection with primary anastomosis without findings to suggest anastomotic breakdown.

42.     On August 15, 2015, at or around 8:55 a.m., Dr. Michelotti examined Angela and noted that she was experiencing cramping and pain. Dr. Michelotti noted Angela was in a benign postoperative state. He adjusted Angela's pain medication, adding Reglan, and encouraged ambulation.

43.     On August 15, 2015, at or around 9:13 a.m., Dr. Ehtesham noted that Angela was experiencing more abdominal pain and discussed her condition with Dr. Michelotti.

44.     Following the 9:13 a.m. exam by Dr. Ehtesham, Angela was not seen by any other physicians on August 15, 2015.

45     On August 15, 2015, at or around 3:26 p.m., Angela's heart rate was 123 beats per minute ("BPM").

46.     On August 15, 2015, at or around 8:15 p.m., Angela began complaining of pain radiating to her left shoulder.

47.     On August 16, 2015, at or around 7:46 a.m., Angela's heart rate was 146 BPM.

48.     On August 16, 2015, at or around 8:52 a.m., Dr. Ehtesham noted that Angela was complaining of more abdominal pain and was also drowsy and anxious. Dr. Ehtesham recommended a chest x-ray.

49.     On August 16, 2015, at or around 8:40 a.m., Angela underwent a chest x-ray which demonstrated increasing penumoperitoneum concerning for anastomotic breakdown without known interval intervention, worsened airspace opacities in both lung bases, and suspected developing pulmonary edema. The findings of this x-ray were discussed with Dr. Michelotti at or around 9:15 a.m.

50.     On August 16, 2015, at or around 9:43 a.m., Dr. Michelotti noted that Angela was tachycardic and in a lot of pain. He further noted that the chest x-ray demonstrated dramatic increase in free air and that the most likely site of the leak was the postoperative colonic anastomosis. Dr. Michelotti additionally noted that Angela would require re-exploration surgery that day.

8

51.     On August 16, 2015, at or around 3:58 p.m., Dr. Michelotti, with the assistance of Joshua Nash, D.O., performed an operation consisting of 1) exploratory laparotomy; 2) construction of colostomy and mucous fistula; and 3) an application of negative pressure wound therapy device. Dr. Michelotti noted that Angela had abundant liquid stool in her abdomen and that the staple line of the anastomosis had become necrotic at a corner and was the site of perforation. Angela's postoperative diagnosis was anastomotic dehiscence and fecal peritonitis.

52.     On August 16, 2015, at or around 4:30 p.m., Angela's chest x-ray demonstrated lung hypoinflation, worsening bilateral lung opacities, increasing bilateral airspace opacities in each base, and new central perihilar ill-defined opacities.

53.     On August 16, 2015, at or around 8:07 p.m., Dr. Michelotti noted that Angela's initial postoperative course demonstrated sepsis and perhaps an acute respiratory distress syndrome ("ARDS") pattern on her chest x-ray.

54.     On August 16, 2015, at or around 9:16 p.m., Beth Fisher, M.D. ("Dr. Fisher"), an ICU physician, noted that Angela was in septic shock, was intubated on vasopressors, and was being treated with broad spectrum antibiotics with fungal coverage and fluid resuscitation. Dr. Fisher further noted that Angela was experiencing respiratory failure due to pulmonary infiltrates.

55.     On August 17, 2015, at or around 1:31 a.m., Dr. Fisher was contacted because Angela was hypotensive and her blood pressure had dropped to 80/50.

56.     On August 17, 2015, at or around 5:20 a.m., Angela had a chest x-ray which demonstrated worsening bilateral lung opacities and increasing opacities in her perihilar and bibasilar lungs.

9

57.     On August 17, 2015, at or around 7:41 a.m., Dr. Michelotti examined Angela and noted that she was profoundly ill with sepsis and ARDS and that she was receiving support with a ventilator, antibiotics and pressors in the ICU. Dr. Michelotti further noted that total parenteral nutrition should be added at discretion of Abdullah Altayeh, M.D. ("Dr. Altayeh"), a critical care physician.

58.     On August 17, 2015, at or around 8:32 a.m., Angela's lab results demonstrated Doehle Bodies, moderate toxic granulation, and toxic vacuolation.

59.     On August 17, 2015, at 1:25 p.m., Dr. Altayeh indicated in a progress note that Angela was experiencing acute respiratory failure on mechanical ventilator, septic shock, pulmonary edema with atelectasis and pleural effusions, anastomotic dehiscence, and fecal peritonitis. At that time, Angela's blood pressure remained low despite intravenous fluid and pressors. Dr. Altayeh further noted she critically suspected acute lung injury/ARDS.

60.     On August 17, 2015, at 2:17 p.m., Geoffrey Tsaras, M.D. ("Dr. Tsaras"), an infectious disease doctor, was consulted and noted that Angela was in septic shock and acute respiratory failure on mechanical ventilator. Dr. Tsaras stopped Angela's ampicillin and clindamycin and ordered a double cover flora with Zosyn and Gentamicin and further recommended she continue fluconazole for yeast.

61.     On August 17, 2015, at or around 4:30 p.m., Angela had another chest x-ray which demonstrated lung hypoinflation, worsening bilateral lung opacities, increasing bilateral airspace opacities in each base and new central perihilar ill-defined opacities.

62.     On August 17, 2015, at or around 7:25 p.m., a chest x-ray again demonstrated bilateral lung opacities that include airspace opacities in each base and ill-defined central perihilar opacities.

63.     On August 18, 2015, at or around 3:03 a.m., Angela was seen by Jesse Chang, M.D. ("Dr. Chang"), an ICU physician, who noted her overall condition as critical with deteriorating respiratory status, fevers with known peritonitis, sepsis, and likely ARDS. Dr. Chang noted that Angela's temperature had reached 105.2 degrees and a repeat arterial blood gas showed worsening respiratory acidosis and ineffective ventilation. Dr. Chang increased Angela's ventilator settings, ordered IV tylenol and vancomycin.

64.     On August 18, 2015, at or around 10:32 a.m., a chest x-ray demonstrated a stable chest. At the same time, Angela was seen by Dr. Tsaras who noted an impression of secondary peritonitis as well as acute respiratory failure on mechanical ventilation ("MV"), septic shock, and multiple organ dysfunction syndrome. Dr. Tsaras recommended Angela stop Zosyn/Gent and stop Fluconazole.

65.     On August 18, 2015, at or around 10:46 a.m., Dr. Michelotti noted that he spoke with Brian and recommended a procedure to re-explore and irrigate the abdomen and leave the abdomen open with an ABThera device to help resolve Angela's sepsis.

66.     On August 18, 2015, at or around 1:17 p.m., Dr. Michelotti and Dr. McCarthy performed surgery consisting of an exploratory laparotomy, wound vac application with abthera and insertion of right chest tube in an effort to resolve Angela's sepsis and large right pleural effusion.

11

67. On August 18, 2015, at or around 5:18 p.m., Angela was seen by Dr. Altayeh who noted that Angela was suffering from acute respiratory failure on MV, septic shock, and pulmonary edema with atelectasis and pleural effusions.

68. On August 20, 2015 at or around 3:29 p.m., Dr. McCarthy performed an abdominal lavage with ABThera vac change to abdomen. Angela's pre and postoperative diagnosis was perforated viscus.

69. On August 21, 2015, at or around 5:45 p.m., Dr. Altayeh performed a therapeutic fiberoptic bronchoscopy with a post-procedure diagnosis of aspiration pneumonia.

70. On August 22, 2015, at or around 8:50 a.m., Dr. McCarthy performed an ABThera vac change to abdomen, abdominal lavage with a pre and postoperative diagnosis of perforated viscus.

71. On August 24, 2015, Dr. Michelotti performed a laparotomy, abdominal irrigation and wound vac placement with a pre and postoperative diagnosis of sepsis.

72. Angela remained at RMH until August 29, 2015, at which point she was discharged home. From August 13, 2015 through August 29, 2015, Angela developed several complications from the initial surgery including sepsis, aspiration pneumonia, sinus tachycardia, respiratory failure, hypoxia and septic shock. These complications required Angela to be intubated and sedated and undergo several invasive procedures.

73. Following Angela's discharge on August 29, 2015, she continued to feel ill and saw Dr. Zarnke for a follow up appointment three days later. On that date, Dr. Zarnke ordered a CT scan which revealed fluid on Angela's diaphragm necessitating CT-guided drainage of intra-abdominal abscesses.

12

74.     Over the next several months, Angela continued to suffer from bilateral rib and chest pain and sought several medical opinions. On December 12, 2016, Angela underwent a reversal of colostomy, left colectomy with colorectal anastamosis, and ventral hernia repair with Bruce Orkin, M.D. ("Dr. Orkin") at Rush University Medical Center.

**Count I**
**Medical Negligence**
**(Angela v. Mark Zarnke, M.D.)**

75.     Angela reasserts and realleges paragraphs 1-74 of the General Allegations as her paragraph 75 of Count I as though fully set forth herein.

76.     At all times relevant herein, and in particular during the periods that Angela was under the professional care of Dr. Zarnke, it became and was the duty of Dr. Zarnke to exercise that degree of skill and care that reasonably careful general surgeons possess and exercise under the same or similar circumstances.

77.     Notwithstanding the aforesaid duty, Dr. Zarnke negligently and carelessly committed one or more of the following acts or omissions:

      a.     Failed to further investigate the etiology of the possible abscess versus neoplastic process seen on Angela's August 12, 2015 CT scan prior to recommending surgical procedure;

      b.     Failed to recommend Angela continue on antibiotic treatment to address infection and allow for further testing of the findings of the August 12, 2015 CT scan, including a colonoscopy, rather than immediate surgical repair;

      c.     Performed anastomosis rather than creating a temporary stoma in the presence of Angela's advanced colon disease and infection; and/or

      d.     Failed to dissect enough of the intestine surrounding the area of the abscess during Angela's laparotomy and transverse colectomy to ensure blood supply was not compromised in the remaining intestine.

13

78. As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was caused to suffer, and will continue to suffer in the future, injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff Angela Kaepplinger prays for judgment against Defendant Mark Zarnke, M.D., as follows:

a. For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b. Plus costs; and

c. For such other relief as this Court may deem just and proper.

### Count II
### Medical Negligence
### (Angela v. Michael McCarthy, D.O.)

79. Angela reasserts and realleges paragraphs 1-74 of the General Allegations as her paragraph 79 of Count II as though fully set forth herein.

80. At all times relevant herein, and in particular during the periods that Angela was under the professional care of Dr. McCarthy, it became and was the duty of Dr. McCarthy to exercise that degree of skill and care that reasonably careful general surgeons possess and exercise under the same or similar circumstances.

81. Notwithstanding the aforesaid duty, Dr. McCarthy negligently and carelessly committed one or more of the following acts or omissions:

a. Failed to further investigate the etiology of the possible abscess versus neoplastic process seen on Angela's August 12, 2015 CT scan prior to recommending surgical procedure;

14

      b.      Failed to recommend Angela continue on antibiotic treatment to address infection and allow for further testing of the findings of the August 12, 2015 CT scan, including a colonoscopy, rather than immediate surgical repair;

      c.      Performed anastomosis rather than creating a temporary stoma in the presence of Angela's advanced colon disease and infection; and

      d.      Failed to dissect enough of the intestine surrounding the area of the abscess during Angela's laparotomy and transverse colectomy to ensure blood supply was not compromised in the remaining intestine.

82.    As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was injured and sustained damages as set forth herein.

83.    As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was caused to suffer, and will continue to suffer in the future, injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff Angela Kaepplinger prays for judgment against Defendant Michael McCarthy, D.O., as follows:

      a.      For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

      b.      Plus costs; and

      c.      For such other relief as this Court may deem just and proper

**Count III**
**Medical Negligence**
**(Angela v. Michael Michelotti, M.D.)**

84.    Angela reasserts and realleges paragraphs 1-74 of the General Allegations as her paragraph 84 of Count III as though fully set forth herein.

85.     At all times relevant herein, and particularly during the periods that Angela was under the professional care of Dr. Michelotti, it became and was the duty of Dr. Michelotti to exercise that degree of skill and care that reasonably careful general surgeons possess and exercise under the same or similar circumstances.

86.     Notwithstanding the aforesaid duty, Dr. Michelotti negligently and carelessly committed one or more of the following acts or omissions:

        a.      Failed to further investigate the cause of Angela's abdominal pain and tenderness on August 15, 2015, despite the existence of Angela's continued pain, increased heart rate and a chest x-ray and CT scan demonstrating free air the prior evening on August 14, 2015;

        b.      Failed to diagnose Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 9:43 a.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air; and/or

        c.      Failed to treat Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 3:58 p.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air and recognition by Dr. Michelotti that Angela required exploration.

87.     As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was injured and sustained damages as set forth herein.

88.     As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was caused to suffer, and will continue to suffer in the future, injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

        WHEREFORE, Plaintiff Angela Kaepplinger prays for judgment against Defendant Michael Michelotti, M.D. as follows:

a.      For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b.      Plus costs; and

c.      For such other relief as this Court may deem just and proper.

**Count IV**
**Medical Negligence**
**(Angela v. Surgical Associates of Northern Illinois, LLC)**

89.     Angela reasserts and realleges paragraphs 1-74 of the General Allegations as her paragraph 89 of Count IV as though fully set forth herein.

90.     At all times relevant herein, and in particular during the periods that Angela was under the professional care of SANI, its agents, employees, and medical staff, it became and was the duty of SANI to exercise that degree of skill and care that reasonably careful medical service companies would exercise and provide under the same or similar circumstances.

91.     Notwithstanding the aforesaid duty, SANI, acting by and through its agents, apparent agents, employees, and medical staff, including, but not limited to Defendants Dr. Zarnke, Dr. McCarthy and Dr. Michelotti, or others, negligently and carelessly committed one or more of the following acts or omissions:

a.      Failed to further investigate the etiology of the possible abscess versus neoplastic process seen on Angela's August 12, 2015 CT scan prior to recommending surgical procedure;

b.      Failed to recommend Angela continue on antibiotic treatment to address infection and allow for further testing of the findings of the August 12, 2015 CT scan rather than immediate surgical repair;

c.      Performed anastomosis rather than creating a temporary stoma in the presence of Angela's advanced colon disease and infection;

d. Failed to dissect enough of the intestine surrounding the area of the abscess during Angela's laparotomy and transverse colectomy to ensure blood supply was not compromised in the remaining intestine;

e. Failed to further investigate the cause of Angela's abdominal pain and tenderness on August 15, 2015, despite the existence of Angela's continued pain, increased heart rate and a chest x-ray and CT scan demonstrating free air the prior evening on August 14, 2015;

f. Failed to diagnose Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 9:43 a.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air; and/or

g. Failed to treat Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 3:58 p.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air and recognition by Dr. Michelotti that Angela required exploration.

92. As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was injured and sustained damages as set forth herein.

93. As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was caused to suffer, and will continue to suffer in the future, injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatments. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff Angela Kaepplinger prays for judgment against Defendant Surgical Associates of Northern Illinois, LLC, an Illinois Limited Liability Company, as follows:

a. For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b. Plus costs; and

c. For such other relief as this Court may deem just and proper.

18

**Count V**
**Medical Negligence**
**(Angela v. Rockford Memorial Hospital)**

94.     Angela reasserts and realleges paragraphs 1-74 of the General Allegations as her paragraph 94 of Count V as though fully set forth herein.

95.     At all times relevant herein, and in particular during the periods that Angela was under the professional care of RMH, its agents, apparent agents, employees and medical staff, it became and was the duty of RMH to exercise that degree of skill and care that reasonably careful medical service corporations would exercise and provide under the same or similar circumstances.

96.     Notwithstanding the aforesaid duty, RMH, acting by and through its agents, apparent agents, employees and medical staff, including, but not limited to Defendants Dr. Zarnke, Dr. McCarthy, and Dr. Michelotti, or others, negligently and carelessly committed one or more of the following acts or omissions:

      a.     Failed to further investigate the etiology of the possible abscess versus neoplastic process seen on Angela's August 12, 2015 CT scan prior to recommending surgical procedure;

      b.     Failed to recommend Angela continue on antibiotic treatment to address infection and allow for further testing of the findings of the August 12, 2015 CT scan rather than immediate surgical repair;

      c.     Performed anastomosis rather than creating a temporary stoma in the presence of Angela's advanced colon disease and infection;

      d.     Failed to dissect enough of the intestine surrounding the area of the abscess during Angela's laparotomy and transverse colectomy to ensure blood supply was not compromised in the remaining intestine;

      e.     Failed to further investigate the cause of Angela's abdominal pain and tenderness on August 15, 2015, despite the existence of Angela's continued pain, increased heart rate and a chest x-ray and CT scan demonstrating free air the prior evening on August 14, 2015;

19

      f.      Failed to diagnose Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 9:43 a.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air; and/or

      g.      Failed to treat Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 3:58 p.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air and recognition by Dr. Michelotti that Angela required exploration.

97.      As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was injured and sustained damages as set forth herein.

98.      As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was caused to suffer, and will continue to suffer in the future, injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff Angela Kaepplinger prays for judgment against Defendant Rockford Memorial Hospital, an Illinois Not-For-Profit Corporation as follows:

      a.      For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

      b.      Plus costs; and

      c.      For such other relief as this Court may deem just and proper.

**Count VI**
**Medical Negligence**
**(Angela v. Rockford Health Physicians d/b/a Mercyhealth Physicians)**

99.      Angela reasserts and realleges paragraphs 1-74 of the General Allegations as her paragraph 99 of Count VI as though fully set forth herein.

100.    At all times relevant herein, and in particular during the periods that Angela was under the professional care of RHP, its agents, apparent agents, employees and medical staff, it became and was the duty of RHP to exercise that degree of skill and care that reasonably careful medical service corporations would exercise and provide under the same or similar circumstances.

101.    Notwithstanding the aforesaid duty, RHP, acting by and through its agents, apparent agents, employees and medical staff, including, but not limited to Defendants Dr. Zarnke, Dr. McCarthy, and Dr. Michelotti, or others, negligently and carelessly committed one or more of the following acts or omissions:

a.    Failed to further investigate the etiology of the possible abscess versus neoplastic process seen on Angela's August 12, 2015 CT scan prior to recommending surgical procedure;

b.    Failed to recommend Angela continue on antibiotic treatment to address infection and allow for further testing of the findings of the August 12, 2015 CT scan rather than immediate surgical repair;

c.    Performed anastomosis rather than creating a temporary stoma in the presence of Angela's advanced colon disease and infection;

d.    Failed to dissect enough of the intestine surrounding the area of the abscess during Angela's laparotomy and transverse colectomy to ensure blood supply was not compromised in the remaining intestine;

e.    Failed to further investigate the cause of Angela's abdominal pain and tenderness on August 15, 2015, despite the existence of Angela's continued pain, increased heart rate and a chest x-ray and CT scan demonstrating free air the prior evening on August 14, 2015;

f.    Failed to diagnose Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 9:43 a.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell count, x-rays and CT scan demonstrating free air; and/or

g.    Failed to treat Angela's anastomotic leak anytime following her surgery on August 14, 2015 until on or about 3:58 p.m. on August 16, 2015, despite Angela's abdominal pain, tachycardia and decrease in her white blood cell

count, x-rays and CT scan demonstrating free air and recognition by Dr. Michelotti that Angela required exploration.

102.     As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was injured and sustained damages as set forth herein.

103.     As a direct and proximate result of one or more of the foregoing acts or omissions, Angela was caused to suffer, and will continue to suffer in the future, injuries including pain, suffering, lost wages, disability, disfigurement, legal obligations for hospital, medical, nursing, rehabilitative, and other medical services and treatment. Some or all of these injuries are permanent.

WHEREFORE, Plaintiff Angela Kaepplinger prays for judgment against Defendant Rockford Health Physicians d/b/a Mercyhealth Physicians, an Illinois Not-For-Profit Corporation as follows:

      a.      For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

      b.      Plus costs; and

      c.      For such other relief as this Court may deem just and proper.

### Count VII
### Loss of Consortium
### (Brian v. Mark Zarnke, M.D.)

104.     Brian reasserts and realleges paragraphs 1-74 of the General Allegations and paragraphs 75-78 of Count I as his paragraph 104 of Count VII as though fully set forth herein.

105.     Prior to the performance of the medical care as set forth herein, Angela and Brian were lawfully married and enjoyed a normal husband and wife relationship.

106.     From about August 12, 2015 until the present time, Brian has been deprived and will permanently continue to be so deprived, of the companionship of Angela and the valuable services Angela would have performed for him had she not been injured by Dr. Zarnke.

107.     From about August 12, 2015 until the present time, Angela and Brian have been deprived, and will permanently continue to be so deprived, of normal family relations with each other.

WHEREFORE, Plaintiff Brian Kaepplinger prays for judgment against Defendant Mark Zarnke, M.D., as follows:

        a.     For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

        b.     Plus costs; and

        c.     For such other relief as this Court may deem just and proper.

**Count VIII**
**Loss of Consortium**
**(Brian v. Michael McCarthy, D.O.)**

108.     Brian reasserts and realleges paragraphs 1-74 of the General Allegations and paragraphs 79-83 of Count II as his paragraph 108 of Count VIII as though fully set forth herein.

109.     Prior to the performance of the medical care as set forth herein, Angela and Brian were lawfully married and enjoyed a normal husband and wife relationship.

110.     From about August 12, 2015 until the present time, Brian has been deprived and will permanently continue to be so deprived, of the companionship of Angela and the valuable services Angela would have performed for him had she not been injured by Dr. McCarthy.

23

111.    From about August 12, 2015 until the present time, Angela and Brian have been deprived, and will permanently continue to be so deprived, of normal family relations with each other.

WHEREFORE, Plaintiff Brian Kaepplinger prays for judgment against Defendant Michael McCarthy, D.O., as follows:

a.      For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b.      Plus costs; and

c.      For such other relief as this Court may deem just and proper.

**Count IX**
**Loss of Consortium**
**(Brian v. Michael Michelotti, M.D.)**

112.    Brian reasserts and realleges paragraphs 1-74 of the General Allegations and paragraphs 84-88 of Count III as his paragraph 112 of Count IX as though fully set forth herein.

113.    Prior to the performance of the medical care as set forth herein, Angela and Brian were lawfully married and enjoyed a normal husband and wife relationship.

114.    From about August 12, 2015 until the present time, Brian has been deprived and will permanently continue to be so deprived, of the companionship of Angela and the valuable services Angela would have performed for him had she not been injured by Dr. Michelotti.

115.    From about August 12, 2015 until the present time, Angela and Brian have been deprived, and will permanently continue to be so deprived, of normal family relations with each other.

WHEREFORE, Plaintiff Brian Kaepplinger prays for judgment against Defendant Michael Michelotti, M.D., as follows:

24

a.    For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b.    Plus costs; and

c.    For such other relief as this Court may deem just and proper.

**Count X**
**Loss of Consortium**
**(Brian v. Surgical Associates of Northern Illinois, LLC)**

116.    Brian reasserts and realleges paragraphs 1-74 of the General Allegations and paragraphs 89-93 of Count IV as his paragraph 116 of Count X as though fully set forth herein.

117.    Prior to the performance of the medical care as set forth herein, Angela and Brian were lawfully married and enjoyed a normal husband and wife relationship.

118.    From about August 12, 2015 until the present time, Brian has been deprived and will permanently continue to be so deprived, of the companionship of Angela and the valuable services Angela would have performed for him had she not been injured by SANI.

119.    From about August 12, 2015 until the present time, Angela and Brian have been deprived, and will permanently continue to be so deprived, of normal family relations with each other.

WHEREFORE, Plaintiff Brian Kaepplinger prays for judgment against Defendant Surgical Associates of Northern Illinois, LLC, an Illinois Limited Liability Company, as follows:

a.    For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b.    Plus costs; and

c.    For such other relief as this Court may deem just and proper.

25

**Count XI**
**Loss of Consortium**
**(Brian v. Rockford Memorial Hospital)**

120.     Brian reasserts and realleges paragraphs 1-74 of the General Allegations and paragraphs 94-98 of Count V as his paragraph 120 of Count XI as though fully set forth herein.

121.     Prior to the performance of the medical care as set forth herein, Angela and Brian were lawfully married and enjoyed a normal husband and wife relationship.

122.     From about August 12, 2015 until the present time, Brian has been deprived and will permanently continue to be so deprived, of the companionship of Angela and the valuable services Angela would have performed for him had she not been injured by RMH.

123.     From about August 12, 2015 until the present time, Angela and Brian have been deprived, and will permanently continue to be so deprived, of normal family relations with each other.

WHEREFORE, Plaintiff Brian Kaepplinger prays for judgment against Defendant Rockford Memorial Hospital, an Illinois Not-For-Profit Corporation as follows:

      a.    For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

      b.    Plus costs; and

      c.    For such other relief as this Court may deem just and proper.

**Count XII**
**Loss of Consortium**
**(Brian v. Rockford Health Physicians d/b/a Mercyhealth Physicians)**

124.     Brian reasserts and realleges paragraphs 1-74 of the General Allegations and paragraphs 99-103 of Count VI as his paragraph 124 of Count XII as though fully set forth herein.

125.    Prior to the performance of the medical care as set forth herein, Angela and Brian were lawfully married and enjoyed a normal husband and wife relationship.

126.    From about August 12, 2015 until the present time, Brian has been deprived and will permanently continue to be so deprived, of the companionship of Angela and the valuable services Angela would have performed for him had she not been injured by RHP.

127.    From about August 12, 2015 until the present time, Angela and Brian have been deprived, and will permanently continue to be so deprived, of normal family relations with each other.

WHEREFORE, Plaintiff Brian Kaepplinger prays for judgment against Defendant Rockford Health Physicians d/b/a Mercyhealth Physicians, an Illinois Not-For-Profit Corporation as follows:

a.    For damages in an amount in excess of $75,000.00, exclusive of interest and costs;

b.    Plus costs; and

c.    For such other relief as this Court may deem just and proper.

27

**<u>Jury Demand</u>**

Plaintiffs hereby invoke their rights to trial by jury as to all counts and issues pled against

the Defendants in this case.

ANGELA KAEPPLINGER and BRIAN
KAEPPLINGER


By: _____/s/ Stacey L. Leinheiser_____
One of Plaintiffs' Attorneys

David A. Axelrod (ARDC No. 6187092)
Stacey L. Leinheiser (ARDC No. 6277463)
Lauren C. Kaplan (ARDC No. 6317045)
David A. Axelrod & Associates, P.C.
20 S. Clark Street, Suite 1800
Chicago, Illinois 60603
(312) 782-4600
(312) 782-3015 (Facsimile)
daa@axelrodpc.com
sll@axelrodpc.com
lkaplan@axelrodpc.com

28