IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| ANGELA KAEPPLINGER and BRIAN KAEPPLINGER, | ) ) ) | |
| Plaintiffs, | ) ) | Law No. 1:17-cv-5847 |
| v. | ) ) | Judge Heather K. McShain |
| MICHAEL MICHELOTTI, M.D.; MARK ZARNKE, M.D.; and SURGICAL ASSOCIATES OF NORTHERN ILLINOIS, LLC., an Illinois Limited Liability Company, | ) ) ) ) ) ) | |
| Defendants. | ) | |

**MOTION OF DEFENDANTS MARK ZARNKE, M.D. AND SURGICAL ASSOCIATES OF NORTHERN ILLINOIS, LLC, FOR LEAVE TO CALL MALCOLM BILIMORIA, M.D. IN LIEU OF JOSEPH S. KOKOSZKA, M.D., AS DEFENDANTS' EXPERT WITNESS AT TRIAL**

NOW COME Defendants, MARK ZARNKE, M.D.; and SURGICAL ASSOCIATES OF NORTHERN ILLINOIS, LLC., by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., and for their Motion for Leave to Call Malcom Bilimoria, M.D., in Lieu of Joseph S. Kokoszka, M.D., as Defendants' Expert Witness at Trial, state as follows:

**Introduction**

1. These defendants seek leave to call Dr. Malcolm Bilimoria as their expert witness at trial in lieu of Dr. Joseph Kokoszka for the reasons set forth herein. Defendants propose the scope of Dr. Bilimoria's testimony will be, depending on the Court's ruling, either (a) Dr. Bilimoria testifies consistent with his report and deposition as to the care rendered by both Dr. Zarnke and Dr. Michelotti as an expert witness on behalf of Surgical Associates of Northern Illinois (SANI), or (b) Dr. Bilimoria testifies in defense of the care rendered by Dr. Zarnke. Defendants realize that pursuant to this Court's rulings on this issue, if option (a) is permitted, the testimony

1

of Dr. Michelotti's expert, Dr. Altimari, could be cumulative to that of Dr. Bilimoria. All defendants agree that if Dr. Bilimoria is permitted to testify on behalf of SANI as to the care of Drs. Zarnke and Michelotti, based on the Court's prior rulings Dr. Altimari would be withdrawn as a cumulative expert witness.

2. These defendants respectfully assert that the manner in which the Court has requested briefing on this issue places the defendants in an awkward position. Here, the Court has asked the defendants/movants to establish why defendants should be permitted to call Dr. Bilimoria as a witness, with the suggestion that these defendants' disclosure of him was either untimely or "piecemail." Plaintiffs have not cited any case authority in support of their objection to the timeliness or propriety of the disclosure or adoption of Dr. Bilimoria as a witness. In their briefing on this issue, they simply argue that disclosure was untimely, and they attempt to distinguish the authority cited by the defendants in opposition to the motion to bar Dr. Bilimoria. If reply briefs are not permitted once the Plaintiffs respond to this motion, then these defendants will never have had an opportunity to address any case law or authority that might be cited by the Plaintiffs on this issue. Defendants respectfully request the opportunity to file a reply brief if any authority is ever cited in support of Plaintiffs' argument on this issue.

**I. When experts are barred as cumulative, the party that suffers the prejudice of the witnesses being barred has the right to choose which expert testifies**

3. The relevant case law suggests that when a party suffers the prejudice of having experts barred as cumulative, that party gets to make the strategic decision as to which expert ultimately testifies. Federal case law is replete with examples of experts being barred as cumulative, and in nearly every instance, the proponent of the experts – not the opposition or the Court – decides which expert will testify. In this Court's memorandum opinion and order [ECF 318], the Court cited numerous cases concerning the concept of cumulative witnesses. In

2

*Dahlin v. Evangelical Child & Fam. Agency,* the judge limited the joint plaintiffs to one expert on a subject, holding: "Pursuant to the Court's authority under Federal Rule of Evidence 403, the Court finds that the needlessly cumulative effect of this duplication would substantially outweigh the probative value of the second expert. *The Dahlins will be required to choose between these two expert witnesses* and should advise defendant of their selection no less than two weeks prior to the start of trial." *Dahlin v. Evangelical Child & Fam. Agency,* No. 01 C 1182, 2002 WL 31834881, at *5 (N.D. Ill. Dec. 18, 2002) (emphasis added). In the *Abrams* case, also cited by this Court in its memorandum opinion and order, the court limited defendants to one expert where two experts' opinions overlapped. But the *Abrams* court allowed the defendants to choose which expert would testify: "Defendants will be precluded from using both experts. They may choose which expert they prefer to use." *Abrams v. Van Kampen Funds, Inc.,* No. 01 C 7538, 2005 WL 88973, at *11 (N.D. Ill. Jan. 13, 2005).

  4.  This Court also cited to the *Sunstar, Inc., v. Alberto-Culver Co.,* case in support of its decision to bar Dr. Bilimoria as cumulative. In *Sunstar*, the court ruled that only one expert would be allowed to testify on each subject of Japanese law. The opinion suggests that the decision on which expert will testify on which subject was left to the party calling those experts. *Sunstar, Inc. v. Alberto-Culver Co.,* No. 01 C 0736, 2004 WL 1899927, at *25 (N.D. Ill. Aug. 23, 2004). This makes sense, because decisions with respect to expert testimony involve matters of attorney trial strategy and judgment. In fact, when this Court granted the Plaintiffs' motion to substitute Dr. Braveman for Dr. Nagle as their expert witness, similar considerations were given to the Plaintiffs. Although Dr. Nagle was available to testify, he was generally unwilling. This Court showed deference to the plaintiffs' choice of expert witnesses. While the situation between the substitution of Dr. Braveman and the effort to bar Dr. Bilimoria has more

3

differences than similarities, it should be noted that by granting the motion to substitute after Dr. Nagle was located, the Court ultimately permitted the plaintiffs to choose which expert they brought forth to trial.

5. This Court also cited *Hall v. Hall* in the order barring Dr. Bilimoria as cumulative. Again, in *Hall*, the defendants were allowed to choose which expert would testify when their experts were found to be cumulative: "Thus defendants will have to choose between Dr. Bales and Dr. Mathis to testify on these points." *Hall v. Hall,* No. 14 C 6308, 2018 WL 1695365, at *5 (N.D. Ill. Apr. 7, 2018).

6. A survey of additional examples across the federal courts reveals longstanding and consistent rulings on this issue. Courts have consistently refused to usurp the party's ability to decide which expert will testify when experts are deemed to be cumulative. Proceeding in this fashion makes sense, and it discourages gamesmanship. It makes sense because if the only thing preventing the experts from both testifying is that their testimony will be the same, then there is little support for the argument that opposing counsel or the Court should be given the authority to decide which expert will be barred. It discourages tactical gamesmanship because it prevents the opposing party from targeting the "best" expert and moving to bar that person instead of one of the other "cumulative" experts. The party suffering the sanction of losing a cumulative expert at trial should not also be forced to have that decision made for them by the opposition.

7. The following cases provide additional examples of fashioning a fair remedy in this regard. See *Evans v. Mauch,* No. 15-9100-CM, 2016 WL 8254775, at *2 (D. Kan. June 1, 2016 (holding that the defendant has the right to choose which expert or experts he wishes to testify as to the appropriate standard of care), and *Stricklin v. Bordelon,* No. 19-CV-1242-WJM-KMT,

2021 WL 2375868, at *3 (D. Colo. June 10, 2021) (the Court will not usurp Defendant's ability to choose which expert witness he will call to testify), and *AVNET, Inc. v. MOTIO, Inc.,* No. 12 C 2100, 2016 WL 3365430, at *2 (N.D. Ill. June 15, 2016) ("If both Mr. Martin and Mr. Moore survive *Daubert* challenges, then Motio either will have to choose which one to call at trial or will have to make the case to the trial judge that there is good cause to allow both of them testify), and *Sunflower Condo. Ass'n, Inc. v. Auto-Owners Ins. Co.,* No. 16-CV-2946-WJM-NYW, 2018 WL 1250607, at *3 (D. Colo. Mar. 12, 2018) ("Because Plaintiff is required to choose between Fronapfel and Dixon to testify at trial, there will be no duplicative testimony presented regarding their joint opinions.").

**II.     Dr. Bilimoria was properly disclosed and there is no basis to bar him, separate and apart from the Court's finding that his testimony would be cumulative**

8.     As noted above, the Plaintiffs have not cited any authority for the proposition that the disclosure of Dr. Bilimoria was legally insufficient, untimely or improper. The motion that led to the Court barring Dr. Bilimoria was Plaintiffs' Motion *in Limine* #20 [ECF 273]. The entirety of that motion was based on the argument that Dr. Bilimoria was cumulative. In Plaintiffs' Reply in Support of Motion *in Limine* #20, they raised the timeliness of the disclosure for the first time [ECF 301]. Plaintiffs cited no case authority in support of that argument, and instead only attempted to distinguish the defendants' cited authority (*Stafford v. Carter*, 2018 WL 4361639 (S.D. Ind. 2018)). Technically, Plaintiffs' argument on the propriety of the disclosure should have been deemed waived, since it was made for the first time in a reply brief. "Arguments raised for the first time in a reply brief are waived." *United States v. Kennedy,* 726 F.3d 968, 974 n. 4 (7th Cir. 2013) (citing *Broaddus v. Shields,* 665 F.3d 846, 854 (7th Cir. 2011)). In ruling on the motion *in limine*, the Court basically and appropriately treated the argument as waived, since Dr. Bilimoria has been barred only on the basis that his testimony has been deemed cumulative, which

5

represents the entirety of the arguments elicited in the primary Motion *in Limine* #20. However, the Court's memorandum at pages 16-17 suggests that there is a concern that the disclosure was not proper, or that it was "belated and piecemail" in nature [ECF 318].

9. Since the defendants are not responding to a motion to bar Dr. Bilimoria filed pursuant to any rule of the Federal Rules of Civil Procedure or any case law, Defendants are left to speculate as to the authority Plaintiffs would rely on in this regard. If Plaintiffs argue that the disclosure was untimely, it would be appropriate to consider the issue under Rules 26 and 37. Rule 26(a)(2)(D) provides that "[a] party must make [its expert] disclosures at the times and in the sequence that the court orders." Fed. R. Civ. P. 26(a)(2)(D). Under Rule 37(c)(1), "If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless." Fed. R. Civ. P. 37(c)(1)). Courts have typically applied a four factor test in this analysis, and indeed this Court followed the four *Assaf* factors in ruling on Plaintiffs' motion to substitute Dr. Braveman for Dr. Nagle. See *Assaf v. Cottrell, Inc.*, No. 10 CV 0085, 2012 WL 245196, at *2 (N.D. Ill. Jan. 26, 2012), and *David v. Caterpillar, Inc.*, 324 F. 3d 851, 857 (7th Circ. 2003). Generally, the factors to be considered are: (1) the unfair surprise or prejudice to the opposing party; (2) the offending party's opportunity to cure such prejudice; (3) the likelihood of trial disruption; and (4) any bad faith motivation of the offending party's tardy disclosure. *Id*. Defendants actually addressed these items in their response to Plaintiffs' Motion *in Limine* No. 20 [ECF 279].

10. All of these factors weigh in favor of permitting the defendants to call Dr. Bilimoria in lieu of Dr. Kokoszka. Under the first factor, there can be no claimed surprise over the disclosure or anticipated testimony of Dr. Bilimoria. Plaintiffs have had his disclosure for over

2019-118
MJD/kim

two years. Plaintiffs took Dr. Bilimoria's deposition. As has been noted, in these defendants' disclosure under Rule 26(a), which was timely served on May 31, 2019, the defendants "expressly incorporate[d] herein and disclose all of the individuals disclosed by the Plaintiff and Co-Defendants in this action and all individuals who sat for depositions in this action." See *Defendants' Rule 26 Disclosure dated May 31, 2019, attached hereto as Exhibit 1*. Dr. Bilimoria was disclosed by the co-defendant within the time permitted by the scheduling order. Dr. Bilimoria's opinions concerned Dr. Zarnke and Dr. Michelotti's surgical care of the plaintiff, Angela Kaepplinger. There is no legitimate argument that Plaintiffs are "surprised" by these defendants' disclosure of Dr. Bilimoria or the intent to call him at trial. There is no prejudice either. Plaintiffs will have to face defense experts at trial. Whether they face Dr. Bilimoria or Dr. Kokozksa, there can be no argument that they are prejudiced by facing one versus the other. The Court has already ruled that their testimony is the same, *i.e.,* cumulative.

11.  Under the second factor, the Court must analyze whether there was any opportunity to cure the prejudice or surprise claimed by the plaintiffs. Here, to cure any potential confusion/surprise/prejudice, these defendants wrote a letter to Plaintiffs' counsel in October 2020 confirming and reinforcing the intention to call Dr. Bilimoria as a witness at trial. See *Correspondence dated October 13, 2020, attached hereto as Exhibit 2*. That letter will now predate the trial in this case by nearly two years. Plaintiffs immediately responded by suggesting that they would file a motion to bar Dr. Bilimoria within three business days of their letter of October 19, 2020. *See Correspondence dated October 19, 2020 (letter) and October 20, 2020 (email), attached hereto as Exhibit 3*. Plaintiffs then did nothing. They took no action to address any claimed surprise or prejudice. They did not file a motion to bar Dr. Bilimoria. They did not seek a supplemental deposition. They did not issue supplemental discovery. They did, however,

7

seek leave to substitute their expert witness several months later, and they sent Dr. Bilimoria's deposition to the new expert, such that the substitute expert could respond – if necessary – to any issue caused by any alleged untimely disclosure of Dr. Bilimoria. In fact, according to Plaintiffs' Motion to Substitute Experts in this case, filed on March 12, 2021 [ECF 221], Plaintiffs' counsel sent materials for review to their new expert, Dr. Braveman, on February 22, 2021. See *Exhibit E to Plaintiffs' Motion to Substitute Experts, pg. 3, declaration of Plaintiffs' counsel David Axelrod, attached hereto as Exhibit 4*. Exhibit B to Dr. Braveman's March 8, 2021 report is a list of materials reviewed, and it includes the deposition of Dr. Braveman. See *Exhibit B of Dr. Braveman's report, attached hereto as Exhibit 5*. Plaintiffs' counsel sent the deposition of Dr. Bilimoria to their new expert even after Rockford Memorial Hospital had been dismissed from the case pursuant to settlement several months earlier. This establishes that Plaintiffs knew or anticipated that the remaining defendants would be calling Dr. Bilimoria to testify at trial. Plaintiffs had a chance to obtain relief back in October 2020 and chose not to. They have had a chance to cure any surprise or prejudice by disclosing a new expert. Even up until now, they have never asked for additional relief, other than to bar the witness. In an effort to convince this Court to allow a substitute expert, Plaintiffs even accounted for the potential that the defendants might need to supplement defense expert disclosures, and Plaintiffs' counsel promised not to seek supplemental depositions. See [ECF 236, pgs. 13-14]. There has been significant and substantial time and opportunity to cure any claimed surprise or prejudice.

12. With respect to the third factor, there should be no disruption in the planned trial which is now in September 2022. In reality, since Plaintiffs have had Dr. Bilimoria's report for more than two years and since they have already deposed him, there has never been any potential for disrupting any of the potential trial dates in this case. Furthermore, since

8

Defendants propose that one option will be to call him to trial instead of Dr. Kokoszka and Dr. Altimari, his presence at trial will either equate to the same amount of time required to try the case, or a shorter amount of time. There will be no disruption on the trial date or the length of the trial or the subject matter of the trial.

13. Lastly, the Court should analyze whether the defendants had any "bad faith" in the alleged untimely disclosure. Here, the defendants adopted Dr. Bilimoria by reference in the Rule 26 disclosures. To ensure that there was no confusion, Defendants then wrote Plaintiffs' counsel in October 2020 to confirm that the defendants intended to call him as a witness at trial. Defendants have always maintained that Dr. Bilimoria would testify at this trial related to the surgical care of Drs. Zarnke and Michelotti. There is no evidence or argument to the contrary.

14. Interestingly, courts have held that a lawyer's trial strategy allows a party to disclose multiple, cumulative witnesses at the time of disclosure and wait until trial to determine which ones to call. In other words, it is not even bad faith to disclose multiple experts and make the decision to call only some of them immediately before trial. See *Richman v. Sheahan,* 415 F. Supp. 2d 929, 932 (N.D. Ill. 2006) ("[p]laintiff off-handedly objects to the cumulative nature of the experts' testimony. (Motion to Strike, at 3). This concern is addressed by Local Rule 16.1, which allow only one expert witness for each party to testify on each subject. See Local Rule 16.1, Standing Order Establishing Pretrial Procedure, Final Pretrial Order, § 2(e) n. 7; *Erickson v. Baxter Healthcare, Inc.,* 131 F.Supp.2d 995, 998 (N.D.Ill.2001). A party may identify more than one expert on a subject under Rule 26(a)(2) and reserve for later its choice as to which expert to use at trial. *Commonwealth Ins. Co. v. Stone Container Corp.,* No. 99 C 8471, 2002 WL 385559, at *6 (N.D.Ill. Mar. 12, 2002)." *Id*. As an aside, it would certainly not be left to opposing counsel in that situation to choose which expert would testify at trial.

9

15. As argued in these Defendants' opposition to Plaintiffs' Motion *in Limine* #20 [ECF 279], an instructive case on this issue is *Stafford v. Carter*, 2018 U.S. Dist. Lexis 155866; 2018 WL 43616139 (S.D. IN. 2018). In *Stafford*, the court found that a defendant failed to properly disclose a settled co-defendant's expert witness. Applying the factors listed above, the court held, "[q]uite simply, when the settlement became known, Defendants *could have avoided any harm* by notifying Plaintiffs that they intended to utilize the testimony of Wexford's [settled party] expert witnesses." *Stafford*, 2018 U.S. LEXIS at *11 (emphasis added). So even if the Court finds that these defendants' disclosure of Dr. Bilimoria in the Rule 26 disclosure was not timely, these defendants cured any potential harm by advising Plaintiffs of the intent to call Dr. Bilimoria at trial. In Plaintiffs' reply to these defendants' response, Plaintiffs assert that *Stafford* is not helpful because the letter notifying them that the defendants would still be calling Dr. Bilimoria said nothing about Dr. Michelotti – it only addressed Dr. Zarnke and SANI. See [ECF 301 pg. 3]. While these defendants disagree with that interpretation of the letter, Plaintiffs tacitly agree that *Stafford* supports the defense argument that advising Plaintiffs of the intent to call Dr. Bilimoria "avoided any harm" caused by the allegedly untimely disclosure.

16. Rule 37 does not require sanctions against a party for an untimely disclosure if that party's violation was harmless. Courts have held that it is an abuse of discretion to exclude witnesses when the result of the untimely disclosure was harmless. See *Sherrod v. Lingle,* 223 F.3d 605, 613 (7th Cir. 2000). Furthermore, "[b]arring expert testimony completely is considered a harsh punishment for failing to comply with Rule 26(a)(2)(B). *Duff v. Grandberry*, 2017 U.S. Dist. LEXIS 58004, *5 (N.D. Ill. 2017) *citing Fid. Nat'l Title Ins. Co. v. Intercounty Nat'l Title Ins. Co.*, 412 F.3d 745, 751 (7th Cir. 2005) (district court's decision to exclude expert witness from testifying at jury trial was too severe a sanction); *Allstate Ins. Co. v. Electrolux Home Prods, Inc.*, 840 F. Supp.

2d 1072, 1081 (N.D. Ill. 2012) (barring an expert an "extreme sanction"). There is no evidence or argument presented here to justify such a drastic sanction.

### III. The scope of Dr. Bilimoria's testimony

17. The undersigned represents SANI and Dr. Zarnke. The undersigned, therefore, has a legal duty to defend SANI by defending the allegations against Dr. Zarnke and Dr. Michelotti as well, since they are both agents of SANI. SANI always intended for Dr. Bilimoria to testify about the conduct of Dr. Zarnke and Dr. Michelotti. Plaintiffs have represented that the letter of October 13, 2020, in which the undersigned advised of the continued intention to call Dr. Bilimoria as a witness at trial, caused them to believe that SANI would only call Dr. Bilimoria to testify about the conduct of Dr. Zarnke. That is a myopic interpretation of that letter. The letter was written on behalf of Dr. Zarnke and SANI because that is who the undersigned represents. Furthermore, the letter indicates the intent to call Dr. Bilimoria pursuant to his report and deposition testimony in this case, which of course covers the allegations against both Dr. Zarnke and Dr. Michelotti. However, if there was any confusion caused by this letter, Plaintiffs could have resolved it by meeting and conferring with defense counsel or filing a motion in 2020 seeking to bar the witness or to obtain leave for further relief. Plaintiffs chose instead to do nothing, and thus the confusion they claim to have suffered was never resolved.

18. Since it has always been SANI's intention that Dr. Bilimoria would testify at trial on behalf of both surgeons, SANI proposes now that the scope of Dr. Bilimoria's testimony at trial would encompass both surgeons as reflected in his report and deposition testimony. As noted above, the Court has already written that if Dr. Bilimoria is allowed to testify to all issues in his report, his testimony is potentially cumulative to that of Dr. Kokoszka and Dr. Michelotti's expert, Dr. Altimari. All defense counsel have conferred and agreed that if Dr. Bilimoria is

11

permitted to testify as to all of the subjects in his report, *i.e.*, the care administered by both Dr. Zarnke and Dr. Michelotti, based on the Court's prior rulings, Dr. Altimari would be withdrawn as a trial witness due to the cumulative nature of his testimony.

19. If the Court's analysis results in a ruling prohibiting Dr. Bilimoria from testifying as to the allegations against Dr. Michelotti, then the undersigned would propose that Dr. Bilimoria be permitted to testify consistent with his report as to the allegations against Dr. Zarnke only, and Dr. Michelotti would then still be permitted to call Dr. Altimari as a witness.

**IV.    The effect the rescheduled trial date has relative to this dispute**

20. The Court also asked that the briefing account for the effect of the continued trial date on this dispute. The new trial date is September 12, 2022. Defendants submit that the new trial date only supports the argument that defendants should be permitted to call Dr. Bilimoria instead of Dr. Kokoszka. Plaintiffs have never sought any additional discovery or relief relative to the disclosure of Dr. Bilimoria. Plaintiffs now have seven (7) months to plan their trial strategy with respect to any cross-examination of him.

WHEREFORE, Defendants, MARK ZARNKE, M.D.; and SURGICAL ASSOCIATES OF NORTHERN ILLINOIS, LLC., by their attorneys, HEYL, ROYSTER, VOELKER & ALLEN, P.C., respectfully pray for an order of Court granting Defendants' motion, and for any other relief deemed just and proper by the Court.

MARK ZARNKE, M.D. and SURGICAL
ASSOCIATES OF NORTHERN ILLINOIS, LLC,
Defendants

BY: _____
HEYL, ROYSTER, VOELKER & ALLEN
Michael J. Denning, ARDC #: 6277365
Andrew J. Roth, ARDC #: 6279716

2019-118
MJD/kim

## CERTIFICATE OF FILING AND PROOF OF SERVICE

I certify that on February 21, 2022, at approximately 4:00 p.m., I electronically filed and transmitted the foregoing **MOTION FOR LEAVE** with the United States District Court Northern Division by using the CM/ECF system.

I further certify that the other individuals in this case, named below will be served via the CM/ECF eFileIL system.

*Attorneys for Plaintiffs*
David A. Axelrod
Mav D. Marion
Jason M. Kleinman
Brian S. Shallcross
David A. Axelrod & Associates P.C.
20 South Clark Street, Suite 1800
Chicago, IL 60603
P: 312.782.4600 / F: 312.782.3015
daa@axelrodpc.com
mmarion@axelrodpc.com
jkleinman@axelrodpc.com
bshallcross@axelrodpc.com
Elaina estevens@axelrodpc.com

*Attorneys for Defendant, Michael Michelotti, M.D.*
Chad M. Skarpiak
Robert L. Larsen
Mark C. Meyer
Anthony M. Sam
Cunningham Meyer & Vedrine P.C.
4200 Cantera Drive, Suite 112
Warrenville, IL 60555
P: 630.260.8600 / F: 630.260.8080
cskarpiak@cmvlaw.com
rlarsen@cmvlaw.com
mmeyer@cmvlaw.com
asam@cmvlaw.com
eservice@cmvlaw.com
Ass't. Dawn Kuczwara: dkuczwara@cmvlaw.com

Under penalties as provided by law pursuant to section 1-109 of the Illinois Code of Civil Procedure [735 ILCS 5/1-109], I certify that the statements set forth in this Certificate of Filing and Proof of Service are true and correct, except as to matters therein stated to be on information and belief and as to such matters I certify as aforesaid that I verily believe the same to be true.

                                                                /S/ Kimberli A. Williams
                                                                    Kimberli A. Williams
                                                             kwilliams@heylroyster.com

HEYL, ROYSTER, VOELKER & ALLEN, P.C.
120 West State Street, 2nd Floor
Rockford, Illinois 61101-1159
Telephone: 815.963.4454
Primary e-service: rckecf@heylroyster.com
Secondary e-service #1: mdenning@heylroyster.com
Secondary e-service #2: aroth@heylroyster.com
40826215_1